**RECEIVED**

JUL 2 1 2006 OH

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

NEW ENGLAND INSURANCE COMPANY     CIVIL ACTION NO. 06-555

VERSUS     JUDGE DOHERTY

RICHARD D. BARNETT     MAGISTRATE JUDGE HILL

### MEMORANDUM RULING

Pending before this Court is a Motion to Dismiss for Abstention and to Stay Proceedings [Doc. 7] filed on behalf of the defendant herein, Richard D. Barnett. The motion is opposed. Originally, oral argument was scheduled concerning this motion; however, upon closer review of the briefing submitted by both parties, this Court has reached the conclusion that further argument is not necessary to permit a ruling on the motion. Therefore, oral argument is CANCELLED. For the following reasons, the motion will be denied in its entirety.

New England Insurance Company has filed a declaratory judgment action seeking declarations that:

- Mr. Barnett cannot enforce coverage for the settlement and/or consent judgment under the policy;

- Mr. Barnett's attempt to enforce the settlement and/or consent judgment prejudices New England and is barred;

- New England's policy does not provide coverage for the settlement and/or consent judgment because Parker did not render professional services within the meaning of the policy;

- New England's policy does not provide coverage for the settlement and/or consent judgment because the dishonest acts exclusion bars coverage;

- the anti-assignment clause contained in the policy prevents Mr. Barnett from enforcing the settlement and/or consent judgment;

- New England's indemnity obligation, if any exists, is limited only to what Mr. Parker actually paid in settlement;

- the acts which allegedly gave rise to the claim occurred before the inception date of the policy; and

- there are other specific policy provisions which prevent Mr. Barnett from enforcing the consent judgment against New England.

In response to New England's Complaint, the defendant did not answer but filed the motion currently pending before this Court. Those facts – *i.e.* that two documents have been filed into the record in this case – are virtually the only ones of which this Court can be certain at this time. The briefing associated with the motion has done little to provide this Court with the information required, however, for these purposes, this Court assumes:

- Due to actions taken by various parties in and after 1986, Richard Barnett and a corporation (Marsh Engineering, Inc.) filed suit in 1991 against Ernest L. Parker and others in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana.

- During the course of that litigation, Messrs. Barnett and Parker reached a settlement agreement in which Mr. Barnett agreed to accept over $4 Million in full and final satisfaction of his claims against Mr. Parker. Mr. Parker agreed to pay to Mr. Barnett $100 and to assign to Mr. Barnett his claim against his insurer, New England Insurance Company, for insurance coverage as to his liability under the Settlement Agreement. Upon request of Messrs. Barnett and Parker, the settlement agreement was entered as a Final Consent Judgment in the state court action.

- At some point in time, a suit was filed in the Western District of Louisiana (the case was assigned to Judge Richard Haik) by someone other than any of the parties named above. However, from the briefing, this Court cannot discern the relevance of that action to the one at issue.

- While Mr. Barnett claims that "for over fourteen (14) years, New England has been a party to the State Court proceedings," New England claims that Mr. Barnett has twice named it as a direct action defendant and, twice, those claims were dismissed

on the basis that his claims were perempted pursuant to La. Rev. Stat. 9:5605. Thus, the parties disagree as to whether or not New England has been involved in the state court action and, if so, in what capacity.

- Mr. Barnett indicates he "hopes" to be able, successfully, to once again add New England as a defendant in the state court action, by filing an Eighth Supplemental and Amending Petition.

Mr. Barnett argues this Court should dismiss the Declaratory Judgment action brought by New England, arguing "abstention." The basis for abstention argued by Mr. Barnett in his motion is the Colorado River-type abstention based upon the alleged existence of a pre-existing state court litigation between the same parties. As New England has pointed out, however, the Supreme Court has ruled (and the Fifth Circuit has acknowledged) that the Colorado River abstention doctrine does not apply in the context of a pure declaratory judgment action; rather, when a declaratory judgment action is involved, the Trejo factors are the ones that a court should consider in determining whether or not to decline jurisdiction. Sherwin-Williams Company v. Holmes County, 343 F.3d 383, 389 (5th Cir. 2003). Moreover, as the United States Supreme Court previously has declared that a decision to stay a case pending resolution of parallel issues in a state court action has the same effect as a decision to decline jurisdiction, the exercise of discretion to enter a stay such as the one also requested by Mr. Barnett is held to the same standard as is the exercise of discretion to decline jurisdiction. American Guarantee & Liability Insurance Company, v. Anco Insulations, Inc., 408 F.3d 248, 251 (5th Cir. 2005), citing Moses H. Cone Memorial Hospital v. Mercury Construction Corporation, 460 U.S. 1, 27-28, 103 S.Ct. 927 (1983).

As the movant, Mr. Barnett bears the burden of persuading this Court as to the advisability of granting the discretionary relief he seeks, the relief cannot be granted if movant fails to carry his burden. Movant has not accomplished this goal; he argues an improper standard of review and does

not argue the factors inherent in the proper standard which this Court is required to use in deciding whether or not to grant the relief he requests; he has not demonstrated that the 15th Judicial District Court proceeding is truly "parallel," nor that all of the defenses asserted by New England in this case can be asserted in that action; nor that – in a case which has been ongoing for over 15 years – New England can obtain "fair and prompt" resolution of its defenses; as well as the other factors outlined by the Court in <u>Sherwin-Williams</u>, *supra*. In short, while it could be that this action and the state court action overlap sufficiently that this Court might agree with movant's request to decline to exercise jurisdiction over New England Insurance Company's declaratory judgment action, the briefing submitted in support of Mr. Barnett's motion has not demonstrated that to be the case.

For the foregoing reasons, this Court finds that Mr. Barnett has not sustained his burden of persuasion and the Motion to Dismiss for Abstention and to Stay Proceedings [Doc. 7] will be DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___21___ day of July, 2006.

COPY SENT
DATE 7-21-06
BY CS
TO Via fax: Hubbard III
H autot M.
Harmon
Rush

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-4-