RECEIVED
APR 1 0 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| NEW ENGLAND INSURANCE COMPANY | CIVIL ACTION NO. 06-555 |
| VERSUS | JUDGE DOHERTY |
| RICHARD D. BARNETT | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Pending before this Court are a Motion for Leave to File Memorandum Setting Forth Intended Oral Argument [Doc. 12], a Motion for Reconsideration [Doc. 15], and a Motion for Leave to File Supplemental Exhibit [Doc. 21] filed by Mr. Barnett. For the following reasons, Mr. Barnett's Motion for Reconsideration [Doc. 15] is GRANTED. Mr. Barnett's Motion for Leave to File Memorandum Setting Forth Intended Oral Argument [Doc. 12] and the Motion to File Supplemental Exhibit [Doc. 21] are DENIED.

*Procedural History*

On March 30, 2006, New England Insurance Company (New England) filed a Complaint for Declaratory Judgment [Doc. 1], based on allegations that "a consent judgment in excess of $4 million was entered" in favor of Mr. Barnett in state court, where Mr. Barnett entered into a settlement agreement with the state court defendant, Ernest Parker, who was a New England insured. New England sought declarations that: (1) Mr. Barnett cannot enforce coverage for a settlement and/or consent judgment under its policy; (2) Mr. Barnett's attempt to enforce a settlement and/or consent judgment prejudices New England and is barred; (3) New England's policy does not provide coverage for the settlement and/or consent judgment because Mr. Parker did not render professional

services within the meaning of the policy; (4) New England's policy does not provide coverage for the settlement and/or consent judgment because the dishonest acts exclusion bars coverage; (5) the anti-assignment clause contained in the policy prevents Mr. Barnett from enforcing the settlement and/or consent judgment; (6) New England's indemnity obligation, if any exists, is limited only to what Mr. Parker actually paid in settlement; (7) the acts which allegedly gave rise to the claim occurred before the inception date of the policy; and (8) there are other specific policy provisions which prevent Mr. Barnett from enforcing the consent judgment against New England.

In response, Mr. Barnett filed a "Motion to Dismiss for Abstention and to Stay Proceedings" [Doc. 7], in which Mr. Barnett argued this Court should abstain from deciding this matter in consideration of a "pending state action in which all of the matters in controversy may be fully litigated," relying primarily on *Colorado Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Oral arguments were set regarding Mr. Barnett's motion to dismiss on July 25, 2006; however, this Court cancelled oral arguments and ruled on the pleadings [Doc. 13] on July 21, 2006, noting Mr. Barnett failed to address the proper legal standard followed in *Sherwin-Williams Company v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) and *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir.1994).

Notably, on July 20, 2006, the day prior to this Court's issuance of the Memorandum Ruling and Cancellation of Oral Arguments on Mr. Barnett's motion, Mr. Barnett filed a "Motion for Leave to file Memorandum Setting forth Intended Oral Argument in Support of Motion to Dismiss for Abstention and to Stay Proceedings," in which he recognized the *Sherwin Williams* and *Trejo* jurisprudence and argued the factors followed by the Fifth Circuit in resolving abstention matters

with respect to declaratory judgments.[1]

Thereafter, on July 28, 2006, Mr. Barnett also, filed a motion entitled, "Motion for Reconsideration" [Doc. 15], in which he again relied on *Sherwin Williams* in arguing this Court should decline the invitation to exercise jurisdiction in this matter. On August 14, 2006, New England filed its opposition to Mr. Barnett's "Motion for Reconsideration." New England argued against granting the motion, and briefed its response based on the *Sherwin Williams* and *Trejo* in arguing this Court should exercise its jurisdiction in this matter.

Thereafter, on October 6, 2006, Mr. Barnett filed yet another motion entitled, "Motion for Leave to File Supplemental Exhibit" [Doc. 21], in which he sought to submit copies of state court proceedings apparently related to an appeal involving a party not before this Court. The motion is unopposed.

*Motion for Leave to File Memorandum Setting forth Intended Oral Argument, and Motion to File Supplemental Exhibit*

The Motion for Leave to File Memorandum Setting Forth Intended Oral Argument [Doc. 12] is DENIED as MOOT as the Motion for Leave to File Memorandum Setting Forth Intended Oral Argument addresses those issues raised in the "Motion for Reconsideration." Defendant's "Motion to File Supplemental Exhibit" [Doc. 21] is DENIED as PREMATURE. Defendant may resubmit the Motion should the Court decide to exercise jurisdiction to determine the merits of the declaratory judgment action.

---

[1] Although the "Motion for Leave to File Memorandum Setting Forth Intended Oral Argument" was docketed on July 20, 2006, this Court received no courtesy copy prior to issuance of the July 21, 2006 ruling. Thus, this Court was unaware of the motion when it cancelled oral arguments and ruled on July 21, 2006.

*Motion for Reconsideration*

This matter boasts a tortuous procedural history while addressing a relatively narrow issue of whether this Court should exercise jurisdiction to decide a declaratory judgment action. Previously, this Court issued a Memorandum Ruling denying defendant's motion to dismiss the declaratory judgment action as defendant failed to carry its burden and did not address the requisite factors inherent in the issue presented.[2] Shortly thereafter, Barnett filed a motion entitled, "Motion for Reconsideration,"[3] setting forth the proper factors for this Court to consider in its determination. Plaintiff subsequently filed its opposition, in which it briefed the issues raised by defendant.

Although the issues and arguments have been raised by way of less than ideal procedural vehicles, they have, now, nevertheless, been raised and briefed by all parties. Thus, as a matter of judicial efficiency, and in light of the underlying policy considerations at play within abstention, this Court will rule on the *substantive* issues raised in the multiple pleadings now before the Court and addressed within the Motion for Reconsideration and opposition thereto. Accordingly, the Motion for Reconsideration shall be GRANTED in order to allow a full review of the substantive issues now

---

[2] As noted above, Mr. Barnett filed a motion for leave to file an untimely memorandum setting forth what he described as intended oral argument in which he did address the proper standard of review one day before this Court's issuance of the Memorandum Ruling denying defendant's motion to dismiss.

[3] As New England notes, the Federal Rules of Civil Procedure do not authorize a "Motion for Reconsideration;" however, such a pleading may be deemed a motion to alter or amend a judgment or an order or a Motion for Relief from Judgment or Order under Fed. R. Civ. Pro. 59(e) or 60(b), respectively. As this Court notes elsewhere herein, despite the unusual procedural history in this matter, the substantive issues raised in the parties' pleadings now have been briefed. Thus, in view of the policy considerations raided by the doctrine of abstention, this Court finds sufficient grounds to alter and amend its prior ruling to afford the substantive issues raised by the parties the proper consideration under *Sherwin Williams* and *Trejo*.

before the Court.[4] Consequently the prior Memorandum Ruling and Order [Docs. 13 and 14] are hereby VACATED, and the Court will issue a Memorandum Ruling addressing the underlying substantive issue now argued and briefed, once any additional briefing is received.

The issues have been addressed and briefed by all parties; however, in view of the convoluted procedural history in this matter, and out of an abundance of caution, the Court will allow **ten calendar days from the issuance of this Memorandum Ruling** for either party to submit additional briefing, should they deem it necessary and appropriate, with respect to the "Motion to Dismiss for Abstention." **Under no circumstances will the Court entertain any additional submissions beyond ten calendar days from the issuance of this Memorandum Ruling, and the parties are advised that any arguments or issues not currently before the Court or presented within the ten days allowed will be deemed waived.**

*Conclusion*

In view of the foregoing, the Court DENIES as MOOT the Motion for Leave to File Memorandum Setting Forth Intended Oral Argument [Doc. 12] as the Motion for Leave to File Memorandum Setting Forth Intended Oral Argument addresses those issues raised in the "Motion for Reconsideration." Defendant's Motion to File Supplemental Exhibit [Doc. 21] is DENIED as PREMATURE, without prejudice to the defendant's right to re-urge the motion should the Court decide to exercise jurisdiction to determine the merits of the declaratory judgment action. The Court

---

[4] This Court does not wish to reward defendant's failure to meet deadlines and otherwise file appropriate pleadings; however, the underlying policy considerations of abstention compel this Court to consider the substantive issues that have now been placed before this Court, rather than base the outcome solely on defendant's repeated failure to properly proceed. However, this Court cautions, there comes a point in time where one's failure to comport with the rules of a forum will necessarily determine one's fate within that forum.

GRANTS defendant's Motion for Reconsideration [Doc. 15], and the July 21, 2006 Memorandum Ruling and Order [Docs. 13, 14] are hereby VACATED; this Court will issue a Memorandum Ruling upon receipt of any additional briefing as allowed. **Under no circumstances will the Court entertain any additional submissions on this issue beyond ten days from the issuance of this Memorandum Ruling, and the parties are advised that any arguments not currently before the Court or timely presented, will be deemed Waived.**

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 10 day of April, 2007.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE