RECEIVED

NOV - 6 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| NEW ENGLAND INSURANCE COMPANY | CIVIL ACTION NO. 06-555 |
| VERSUS | JUDGE DOHERTY |
| RICHARD D. BARNETT | MAGISTRATE JUDGE METHVIN |

**MEMORANDUM RULING**

On April 10, 2007, this Court granted defendant Richard D. Barnett's Motion for Reconsideration of this Court's previous denial of Mr. Barnett's Motion to Dismiss for Abstention. [Doc. 25]. In the ruling granting reconsideration, this Court stated that it would issue a comprehensive memorandum ruling addressing the issue of abstention upon receipt of additional briefing by the parties. After additional briefing was filed, Mr. Barnett informed the Court that he no longer challenges this Court's jurisdiction over the case and thereby withdrew his motion to dismiss for abstention.

Notwithstanding Mr. Barnett's withdrawal of his Motion to Dismiss for Abstention, this Court concludes that this matter should be STAYED and ADMINISTRATIVELY CLOSED pending resolution of the related state court action that has been pending between New England and Mr. Barnett in the 15th Judicial District Court since 1991.

## I. Procedural History

This matter boasts a convoluted procedural history, both in this Court and in state court. A summary of the proceedings in this Court follows.

On March 30, 2006, New England Insurance Company ("New England") filed a Complaint

for Declaratory Judgment [Doc. 1], based on allegations that "a consent judgment in excess of $4 million was entered" in favor of Mr. Barnett in state court, where Mr. Barnett entered into a settlement agreement with the state court defendant, Ernest Parker, who was a New England insured. New England sought declarations that: (1) Mr. Barnett cannot enforce coverage for a settlement and/or consent judgment under its policy; (2) Mr. Barnett's attempt to enforce a settlement and/or consent judgment prejudices New England and is barred; (3) New England's policy does not provide coverage for the settlement and/or consent judgment because Mr. Parker did not render professional services within the meaning of the policy; (4) New England's policy does not provide coverage for the settlement and/or consent judgment because the dishonest acts exclusion bars coverage; (5) the anti-assignment clause contained in the policy prevents Mr. Barnett from enforcing the settlement and/or consent judgment; (6) New England's indemnity obligation, if any exists, is limited only to what Mr. Parker actually paid in settlement; (7) the acts which allegedly gave rise to the claim occurred before the inception date of the policy; and (8) there are other specific policy provisions which prevent Mr. Barnett from enforcing the consent judgment against New England.

In response, Mr. Barnett filed a "Motion to Dismiss for Abstention and to Stay Proceedings" [Doc. 7], in which Mr. Barnett argued this Court should abstain from deciding this matter in consideration of a "pending state action in which all of the matters in controversy may be fully litigated," relying primarily on *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). On July 21, 2006, the Court denied the motion [Doc. 13], noting Mr. Barnett failed to address the proper legal standard set forth in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir.1994) and *Sherwin-Williams Company v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003), which apply to the issue of dismissal and/or abstention when the matter in question is a declaratory

judgment action.

Notably, on July 20, 2006, the day prior to this Court's issuance of the Memorandum Ruling denying Mr. Barnett's Motion to Dismiss for Abstention, defendant filed a "Motion for Leave to File Memorandum Setting Forth Intended Oral Argument in Support of Motion to Dismiss for Abstention and to Stay Proceedings," in which he recognized the *Sherwin-Williams* and *Trejo* jurisprudence and argued the factors followed by the Fifth Circuit in resolving abstention matters with respect to declaratory judgments.[1] [Doc. 12].

Thereafter, on July 28, 2006, Mr. Barnett filed a motion entitled, "Motion for Reconsideration" [Doc. 15], in which he again relied on *Sherwin-Williams* in arguing this Court should decline to exercise jurisdiction in this matter. On August 14, 2006, New England filed its opposition to Mr. Barnett's "Motion for Reconsideration." [Doc. 17]. New England argued against granting the motion, and briefed its response based on the *Sherwin Williams* and *Trejo* in arguing this Court should exercise its jurisdiction in this matter.

On April 10, 2007, this Court noted that, despite a less-than-ideal presentation of the issues for the Court's consideration, it appeared that all issues regarding abstention had been briefed by the parties. Thus, the Court granted Mr. Barnett's Motion for Reconsideration and noted that the Court would issue a comprehensive memorandum ruling addressing the issues raised by the parties once any additional briefing was complete. [Doc. 25]. Both New England and Mr. Barnett filed supplemental memoranda in support of their positions. [Docs. 27 & 28].

Thereafter, on or around August 29, 2007, the Court received correspondence from defense

---

[1] Although the "Motion for Leave to File Memorandum Setting Forth Intended Oral Argument" was docketed on July 20, 2006, this Court received no courtesy copy prior to issuance of the July 21, 2006 ruling. Thus, this Court was unaware of the motion when it cancelled oral arguments and ruled on July 21, 2006.

counsel advising Mr. Barnett no longer objects to the exercise of jurisdiction by the Court. In response, the Court issued a Minute Entry stating Mr. Barnett was required to formally withdraw his objections to the exercise of this Court's jurisdiction. [Doc. 29]. On September 20, 2007, Mr. Barnett filed an answer to New England's complaint, wherein Mr. Barnett formally notified the Court he was withdrawing his Motion to Dismiss for Abstention. [Doc. 30].

Accordingly, there is no motion to dismiss for abstention – nor are there any additional motions – pending before this Court at this time.

## II. Law and Discussion

Notwithstanding defendant has withdrawn his Motion to Dismiss for Abstention, this Court has grave concerns about the propriety of allowing this matter to proceed given the related and potentially parallel state court proceeding that has been pending between New England and Mr. Barnett and making its way through the 15th Judicial District Court and the Supreme Court for more than *sixteen years*.

As an initial matter, this Court notes that whether to stay or abstain from exercising jurisdiction in a case is an issue that may be raised by the court *sua sponte*. See *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999). The Fifth Circuit reviews for abuse of discretion a district court's decision whether to stay proceedings; however, to the extent that a decision whether to stay rests on an interpretation of law, the appellate court's review is *de novo*. *Murphy*, 168 at 737, citing *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997).

This Court notes the law is well-settled that, when the federal court action sought to be stayed is a declaratory judgment action, the federal district court is accorded wide discretion to either accept or decline jurisdiction. The Declaratory Judgment Act, 28 U.S.C. §2201(a), "is an enabling act,

which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995), quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286, 115 S.Ct. at 2142. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 289, 115 S.Ct. at 2143. In *Mission Ins. Co. v. Puritan Fashions Corp.*, the Fifth circuit stated, "the Declaratory Judgment Act 'gives the court a choice, not a command.'" 706 F.2d 599, 601 (5th Cir. 1983), citing *Dresser Industries, Inc. v. Ins. Co. of North America*, 358 F.Supp. 327, 330 (N.D.Tex.), *aff'd*, 475 F.2d 1402 (5th Cir.1973).

In *Wilton*, the Supreme Court held that the standard enunciated by the Supreme Court in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-95, 62 S.Ct. 1173, 1175-76 (U.S. 1942) governs the propriety of a district court's decision to stay a declaratory judgment action. The *Brillhart* standard accords federal district courts wide discretion in determining whether to stay a case based on "considerations of wise judicial administration," to wit:

> Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28 U.S.C.A. s 400, it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court. [internal citations omitted]. The motion rested upon the claim that since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted. . . . *Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.*

(emphasis added).

Since *Brillhart*, the Fifth Circuit has held that one of two standards governs the propriety of a decision to stay an action based on considerations of wise judicial administration, depending on whether the federal suit is purely declaratory or seeks other relief. In *American Guar. & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250-51 (5th Cir. 2005), the court reasoned if the federal suit seeks only a declaration of rights, the district court's discretion to stay or dismiss the suit is governed by the standard derived from *Brillhart*. *American Guaranty*, 408 F.3d at 252, citing *Wilton,* 515 U.S. 277, 289-90, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (holding that *Brillhart* governs the propriety of a district court's decision to stay a declaratory judgment action); *Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383, 389-392 (5th Cir.2003) (discussing multi-factor analysis governing a district court's decisions about the propriety of hearing a declaratory judgment action developed following *Brillhart* in *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir.1994). However, "if the suit involves a request for monetary or other relief, a district court's discretion to stay is 'narrowly circumscribed' by its obligation to hear cases within its jurisdiction, even if declaratory relief is also requested, and the propriety of a stay is governed by the 'exceptional circumstances' standard of *Colorado River* . . . ." *American Guaranty*, 408 F.3d at 252, citing *Southwind Aviation, Inc. V. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994); *see also Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 538-41 (5th Cir.2002), citing *Colo. River,* 424 U.S. at 817, 96 S.Ct. 1236, and *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); *Black Sea Inv., Ltd. V. United Heritage Corp.*, 204 F.3d 647, 652

(5th Cir. 2000).[2] Notably, *Colorado River* discretion to stay is available only where the state and federal proceedings are parallel, that is, where the two suits involve the same parties and the same issues. *American Guaranty*, 408 F.3d at 251.

In the instant case, plaintiff's complaint seeks *only* a declaration of rights and does not seek monetary relief. Therefore, pursuant to *American Guaranty*, this Court's discretion to stay or dismiss the suit is governed by the standard derived from *Brillhart*, which notes that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." 316 U.S. at 494-95.

As to the issue of whether the pending state court action is "perfectly parallel" to the instant action, this Court finds that perfect parallelism is not required for this Court to stay the instant case. Indeed, in the more onerous situation in which a court is deciding whether to *dismiss or abstain* an action, the Fifth Circuit has held that abstention is permitted even in cases wherein the state court and federal court actions are not perfectly parallel. In *Sherwin-Williams*, the court held that "[t]he lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action, just as the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action." 343 F.3d at 394. Rather, the court held that "the presence or absence of a pending parallel state proceeding is an important factor" for courts to consider in determining whether to abstain and/or dismiss. *Id.* In *Sherwin-Williams*, the court concluded "the lack of a pending parallel state proceeding did not require the district judge to hear the declaratory judgment action," but it was a factor that weighed

[2] In *American Guaranty*, the Fifth Circuit reversed the decision of the district court to stay a declaratory judgment action, finding that the complaint for declaratory judgment sought not only declaratory relief but monetary relief as well, and where the pending state court action was not completely parallel. 408 F.3d at 251-52.

strongly *against* dismissal. *Id.* Conversely, this Court concludes the fact that there *is* related pending state litigation is a factor that weighs strongly in favor of *staying* the case.[3]

Given that there is a state court action between these parties that has been pending for more than sixteen years, and further considering that New England seeks only declaratory relief against defendant in this case, this Court concludes that the instant declaratory judgment action should be stayed and administratively closed pending resolution of the state court action. Indeed, although the state court litigation may not resolve all issues in this matter, it may resolve many of them and may avoid conflicting rulings. Given the particular circumstances of this case, wherein the history of litigation between these parties goes back more than sixteen years, this Court concludes that principles of wise judicial administration militate in favor of a stay of this matter until the state court action has been resolved.

Considering the foregoing, this case is STAYED and ADMINISTRATIVELY CLOSED pending resolution of the related pending state court action. The parties shall contact this Court within fifteen days following resolution of the state court action in order to reopen this case.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 6 day of November, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[3] This Court notes that the *Trejo* and *Sherwin-Williams* cases – which set forth the factors to be used by courts in determining whether to exercise jurisdiction over a declaratory judgment action and which the parties briefed in connection with Barnett's motion to dismiss for abstention – pertain to cases in which the issue is whether the court should *dismiss or abstain*. In *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir.1994), the court identified seven nonexclusive factors for a district court to consider in deciding whether to *dismiss* a declaratory action. In *Sherwin-Williams*, 343 F.3d at 390-91, the Fifth Circuit recognized that the *Trejo* factors address three broad considerations: (1) federalism; (2) fairness/improper forum shopping; and (3) efficiency.

Because defendant has withdrawn his motion to dismiss for abstention, this Court is no longer required to consider whether to dismiss and/or abstain pursuant to the *Trejo/Sherwin-Williams* factors. Rather, this Court looks to the standard enunciated in *Brillhart* in deciding whether to stay the instant action.