# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **NEW ENGLAND INSURANCE COMPANY** | **CIVIL ACTION NO. 06-0555** |
| **VS.** | **JUDGE DOHERTY** |
| **RICHARD D. BARNETT** | **MAGISTRATE JUDGE METHVIN** |

### REPORT AND RECOMMENDATION
### (Rec. Docs. 48 and 52)

Before the court are two related motions: 1) plaintiff's motion for partial dismissal of defendant Barnett's counterclaim, filed pursuant to Rule 12(b)(6) (rec. 48); and 2) Barnett's motion to voluntarily withdraw the challenged counterclaim (rec. 52).[1] The motions are unopposed.

### *Background and Discussion*

In its motion, New England asks that defendant Barnett's counterclaim against it for damages as a result of an alleged defamatory statement made in its motion for declaratory judgment be dismissed, due to the Barnett's inability to establish the element of malice required under Louisiana law. The portion of Barnett's counter-claim sought to be dismissed by New England is as follows:

XLII.

* * *

New England is liable to Barnett for damages to be fixed by the Court alleging that Barnett was in collusion with Parker in connection with Parker's assigning his claims against New England to Barnett which is completely false, and if necessary the right to urge that claim in a subsequent action is reserved.[2]

---

[1] The motion is entitled, "Motion to Dismiss Richard D. Barnett's Claim Because of New England Insurance Company's Allegation that Counterclaimant, Richard D. Barnett was Guilty of Collusion." Rec. doc. 52.

[2] See *Answer and Counter-Claim* (rec. doc. 30), p. 38, ¶ XLII.

In response to New England's motion to dismiss, defendant Barnett initially agreed to dismiss his defamation claim against New England *without prejudice* to reassert those claims in a later proceeding.[3]   After the motion to dismiss was set for hearing, Barnett filed his own motion to voluntarily dismiss his claim for defamation, this time agreeing to "withdraw *with prejudice* any claim which he may have against new England for damages resulting from New England's allegation that Barnett was guilty of collusion. . . ."[4] (Emphasis added).   The reason given by Barnett for withdrawing his defamation claim against New England was that "this issue which Barnett sought to obtain damages against new England is a minor issue which Barnett does not wish to have the prosecution of his claim on the merits set forth in Barnett's counterclaim delayed. . . ."[5]

Plaintiff's motion to dismiss being without objection, and in fact actively sought by defendant via his own motion to dismiss, the undersigned recommends that both plaintiff's and defendant's motions be granted.

**IT IS THEREFORE RECOMMENDED** that plaintiff's unopposed motion for partial dismissal (Rec. 48) and Barnett's voluntary motion to dismiss (Rec. 52) both be **GRANTED,** and that Barnett's counterclaim against New England for damages as a result of an alleged defamatory statement made in New England's motion for declaratory judgment be **DISMISSED** with prejudice.

---

[3]See *Richard D. Barnett's Response to Motion to Dismiss Partially Pursuant to Rule 12(b)(6) filed by New England Insurance Company* (rec. doc. 50), p. 1.

[4]*Motion to Dismiss Richard D. Barnett's Claim because of New England Insurance Company's Allegation that Counterclaimant, Richard D. Barnett was Guilty of Collusion* (rec. doc. 52), p. 1.

[5]*Ibid.*

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on May 26, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)