UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NEW ENGLAND INSURANCE CO. | CIVIL ACTION NO. 06-555 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| RICHARD D. BARNETT | MAGISTRATE JUDGE KATHLEEN KAY |

## MEMORANDUM ORDER

Before this Court is a Motion for New Trial and/or to Alter or Amend Judgment of June 10, 2010 [Record Document 129] filed on behalf of Defendant and Counter-claimant Richard D. Barnett ("Barnett"). Barnett moves this Court to grant a new trial, reconsider and reverse Judge Doherty's Memorandum Ruling dated June 10, 2010 [Record Document 123] in which she dismissed Barnett's bad faith claims and direct action claims. Barnett contends he is entitled to relief from the June 10, 2010 Memorandum Ruling because the Court erroneously relied on Ragas v. MGA Ins. Co., 1997 WL 79357 (E.D.La. 1997) to conclude that an "adjudicated excess judgment" is a prerequisite to an action for bad faith and because the Court erred in holding that Barnett's claims are barred under the doctrine of res judicata.

As a general rule, "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. " Simon v. United States, 891 F.3d 1154, 1159 (5th Cir. 1990) (quoting Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). These motions should not be used to raise arguments which could, and should, have been made before the judgment issued, nor should such motion be used to relitigate matters

that have simply been resolved to the movant's dissatisfaction.  Id.; In re Self, 172 F.Supp.2d 813, 816 (W.D.La. 2001); Clay v. Daichi Shipping, 2000 WL 6269, *1 (E.D.La., Jan. 5, 2000); see also, Louisiana v. Sprint Comm., Co., 899 F.Supp. 282, 284 (M.D.La. 1995) (the Court should reconsider a ruling only "where the moving party has presented substantial reasons for consideration") (emphasis added).  The Fifth Circuit has cautioned that reconsideration of a judgment is an extraordinary remedy which should be used sparingly.  Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004); see also, Taylor v. United Parcel Serv., Inc., 2007 WL 4180535, *1 (W.D.La., Nov. 21, 2007); Fields v. Pool Offshore, Inc., 1998 WL 43218, *2 (E.D.La., Feb. 3, 1998), aff'd, 182 F.3d 353 (5th Cir. 1999).

After a thorough review of the motion for a new trial and/or an altered or amended judgment, the Court finds Barnett has failed to establish either a "manifest error of law or fact" or to present any new evidence for the Court's consideration.  Rather, Barnett merely argues matters which have previously been presented to the Court through his various motions and/or oppositions and have been carefully considered by the Court.

Accordingly, having already exhaustively examined the arguments and evidence presented by the parties, see Record Document 123,

**IT IS ORDERED** that the Motion for New Trial and/or to Alter or Amend Judgment of June 10, 2010 [Record Document 129] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** on this 16th day of March, 2011.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE